IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 420-134 |
| | * | |
| ANTONIO ACOSTA | * | |

O R D E R

Defendant Antonio Acosta has filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), asserting entitlement under the "Unusually Long Sentence" provision of the applicable Policy Statement, U.S.S.G. § 1B1.13.

To grant a motion for compassionate release, the Court must find the following conditions are met: (1) extraordinary and compelling circumstances exist; (2) adherence to the Policy Statement (including a finding that the defendant is not a danger to the community); and (3) support in the sentencing factors of 18 U.S.C § 3553(a). United States v. Tinker, 14 F.4th 1234, 1237-38 (11th Cir. 2021). Absence of even one of these requirements would foreclose a sentence reduction. Id.; United States v. Giron, 15 F.4th 1343, 1348 (11th Cir. Oct. 13, 2021) ("[C]ompassionate release is permissible only if all three findings are made.").

The Policy Statement, recently amended on November 1, 2023, provides a list of examples of "extraordinary and compelling" reasons to include circumstances related to a defendant's health, age, family circumstances, and abuse while in custody. U.S.S.G. § 1B1.13(b)(1)-(4). There is also a catch-all provision, § 1B1.13(b)(5), which

vests the district court with discretion to determine if "any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." Finally, the Policy Statement states that defendants who are serving unusually long sentences may be eligible for compassionate release under § 1B.13(b)(6), providing:

> If a defendant received an unusually long sentence **and has served at least 10 years of the term of imprisonment**, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6) (emphasis added). Here, Defendant's request for relief under this provision is easily dismissed because he has not served at least ten years of imprisonment.

Accordingly, Defendant Acosta's motion to reduce sentence (doc. 34) is hereby **DENIED**. His request for the appointment of counsel to aid in this matter is **DENIED AS MOOT**.

**ORDER ENTERED** at Augusta, Georgia, this 13th day of June, 2024.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA